**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SUSAN A. SCOTT,

                                  Plaintiff,

       v.                                      8:19-CV-488
                                                   (TJM/CFH)
MULLOLLY, JEFFERY, ROONEY, & FLYNN LLP,

                                  Defendant.

---

**APPEARANCES:**

Susan A. Scott
21 Guy Way, Apt. 1
Plattsburgh, New York 12901
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

    Plaintiff pro se Susan A. Scott commenced this action on April 25, 2019 with the filing of a Complaint and, in lieu of paying this Court's filing fee, an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."), 2. After reviewing plaintiff's application, the undersigned concludes that plaintiff may properly proceed IFP for purposes of filing. The undersigned must now assess plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).[1]

---

[1] Plaintiff is advised that, despite being granted IFP status, she will still be required to pay any costs or fees she incurs in this matter, including, but not limited to, copying fees, transcript fees, and witness fees.

## II. Initial Review

### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

2

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

In deciding whether a complaint states a colorable claim, a court must extend a measure of deference to pro se litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam), also referred to as "special solicitude." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, the court also has an obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355

3

(N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff an opportunity amend the complaint as long as there is a possibility that an amendment would be able to cure the identified defects. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Allegations in Complaint

Plaintiff argues that defendant "caused me to have the inability to keep deposited student loans in my bank account for graduate work" because defendant placed a "restraining notice in the amount of $20,954.35 on my account . . . for a default judgment from 2012." Compl. at 4. Plaintiff states that she was unaware of the 2012 default judgment and had not been provided "general information about [her] rights as a

4

consumer, information about the debt, information regarding the statute of limitations." Id. Plaintiff further argues that the frozen bank account "also contains exempt funds of weekly unemployment deposits of $246 and my New York State Retirement check of $1370.19." Id. Plaintiff contends that she has no other income or assets, and the hold on her account has caused her stress and hardship, as well as an inability to pay for her Master's Degree program. Id. Plaintiff demands "a total monetary amount of $225,954.35." Id. at 5.

### C. Review of Complaint

Plaintiff's complaint must be dismissed because plaintiff has failed to demonstrate that this Court has jurisdiction. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

Here, based on plaintiff's complaint, the Court has neither federal question jurisdiction nor diversity jurisdiction. First, to invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in plaintiff's complaint do not cite any federal authority as the basis for her claims, and the federal nature of plaintiff's claims is not otherwise apparent, nor can it be reasonably inferred from the allegations in the complaint. Further, there is no diversity jurisdiction because, although plaintiff contends that amount in controversy is more than $75,000, both plaintiff and defendant are citizens of New York, which precludes a finding of diversity jurisdiction. 28 U.S.C. § 1332(a).

Plaintiff's complaint indicates that her claims arise under 42 U.S.C. § 1983 and is a "[c]ivil action for deprivation of rights." Compl. at 3. However, plaintiff's complaint fails to demonstrate that her sole named defendant, Mulloly, Jeffery, Rooney, & Flynn LLP acted under color of state law. Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To set forth a cause of action under section 1983, a plaintiff must demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities

6

secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

The Supreme Court of the United States has found that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)). "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the

State itself." White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Here, no reasonable reading of the complaint results in a conclusion that defendant was a state actor or acted under the color of state law when it allegedly froze assets in plaintiff's Key Bank account. Thus, plaintiff has failed to demonstrate that section 1983 is applicable to her complaint. She identifies no other federal law, treaty, or constitutional provision under which her claim could arise. Having concluded that the complaint fails to establish that this Court has subject matter jurisdiction over plaintiff's complaint, the case must be dismissed. As the undersigned finds that plaintiff has failed to demonstrate this Court's subject matter jurisdiction, and can identify no federal statue or constitutional provision under which her claims may arise, the undersigned recommends dismissal with prejudice. Although, given plaintiff's pro se status, the Court would recommend that she be given an opportunity to amend prior to an outright dismissal, Cuoco, 222 F.3d at 112, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id.; see lso Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (stating that, when a court lacks subject matter jurisdiction, dismissal is mandatory). Thus, as lack of subject matter jurisdiction is a substantive defect, the undersigned recommends dismissal with prejudice and without leave to amend. Butler v. Geico General Ins. Co., 1:18-CV-1493 (GLS/DJS), 2019 WL 330591, at *3 (N.D.N.Y. Jan. 25, 2019); Deuel v. Dalton, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19.

(N.D.N.Y. Jan. 25, 2012).[2]  However, it is recommended that the dismissal be without prejudice to plaintiff seeking to bring an action in state court, should she wish to do so.[3]

### III.  Conclusion

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's in forma pauperis (dkt. no. 2) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED with prejudice and without opportunity to amend** upon initial review under 28 U.S.C. § 1915(e), but without prejudice to her commencing an action in state court; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d

---

[2] The Court has provided copies of unpublished decisions cited within this Report-Recommendation & Order to plaintiff.

[3] The undersigned does not reach whether plaintiff will be able to successfully commence an action in state court.

9

Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[4]

Dated: May 1, 2019
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).